[S. F. No. 3756.   In Bank.—December 2, 1907.]

F. M. GREENWOOD et al., Executors etc. of MONROE GREENWOOD, Deceased, Appellants, v. EDWARD A. BEELER, Respondent.

VENDOR AND VENDEE—SUBSEQUENT PAROL AGREEMENT OF LOAN—APPLICATION OF PAYMENTS.—In an action by a vendor to obtain a judgment fixing the amount due under a written contract for the sale of land, and decreeing the foreclosure of the rights of the vendee upon the nonpayment thereof, the evidence is reviewed and held sufficient to support the findings that such contract had never been rescinded or terminated, and that a subsequent parol agreement between the parties, whereby the vendor advanced to the vendee certain money with which to erect a house upon the land was a separate transaction, and that payments made by the vendee were at the times they were made directed to be applied on the amount due on the written contract.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

F. M. Parcells, for Appellants.

R. F. Mogan, F. A. Hornblower, and Charles E. Nougues, for Respondent.

ANGELLOTTI, J.—In this action judgment went for defendant, and plaintiffs have appealed from an order denying their motion for a new trial. The justices of the district court of appeal for the first district being unable to agree upon a judgment, the matter was transferred to this court for hearing and determination.

The action is one by the executors of the will of Monroe Greenwood, deceased, to obtain a judgment fixing the amount due on a contract for the sale by deceased to Beeler of a lot of land, requiring Beeler to pay the same within a time to be fixed by the court, and providing that in default of such payment by defendant, his right, title, and interest shall be forever barred and foreclosed, and plaintiffs' title quieted as against him.

It appears by the complaint, and is admitted by the answer and cross-complaint of Beeler, that the only written contract between the parties was one entered into on February 23, 1895, whereby deceased agreed to sell the land to Beeler for one thousand and fifty dollars, Beeler agreeing to pay said amount in installments, fifty dollars at the date of the agreement, and the balance in monthly installments of twenty dollars or more at his option, with interest on deferred payments at the rate of seven per cent per annum, and all state, city, and county taxes on the property. The contract provided that the deceased would convey the property to Beeler, by good and sufficient deed, upon full payment being made in the time and manner stated, and that any failure of Beeler to comply with the terms of the contract would release deceased from all obligations to convey, and cause a forfeiture of such money as had been paid by him.

It is admitted that, as alleged in answer and cross-complaint and found by the trial court, payments were made from time to time by Beeler, aggregating such an amount, that, if the same were applied solely on such written contract, there remained due thereon on March 26, 1899, the sum of $270.10 only, which amount was on said day duly tendered to plaintiffs by defendant, with a demand for a deed, and refused by them.

It appears that in May, 1896, deceased orally agreed to advance to Beeler the money necessary to construct a dwelling house on the land, and that he did, in pursuance of this understanding, between May 20, 1896, and September 23, 1896, advance sums aggregating $876.50, the cost of said house. If all money paid by Beeler was paid on the written contract, none of this $876.50 or any interest thereon has ever been paid. Plaintiffs claimed that this should be taken into consideration in determining the amount due and payable before a deed can be required, and that they were entitled to foreclose Beeler's rights in the land under the agreement, in the event of his failure to pay the same. They further claimed that the amounts paid by Beeler were paid not only on account of the purchase price of the land under the written contract, but also on account of the amount advanced for the construction of the house, and that, consequently, more than $270.10 remains due on the written contract. In support of

their claims, they alleged in the complaint, after alleging the
written contract, 1. That on or about May 1, 1896, the de-
ceased and Beeler mutually agreed to terminate and rescind
said written contract, and that the same was rescinded at that
time, and 2. That on said day deceased and Beeler entered
into an oral agreement whereby deceased agreed to sell the
land to Beeler for one thousand and fifty dollars, giving him
credit for all amounts paid on the written agreement, to
advance the money necessary to construct a dwelling house
thereon, and to convey the premises by deed upon the payment
by Beeler of the whole amount, purchase price and advances,
with interest on deferred payments at the rate of seven per
cent per annum, in monthly installments of at least thirty
dollars.  They further alleged that all subsequent payments
made by Beeler were made on account of both the purchase
price and the amount advanced for the house.  These allega-
tions were all explicitly denied by the answer, and explicitly
found against by the trial court, which adopted the theory,
that the loaning of the money for the house was in no way
connected with the matter of the written agreement, and that
the money was loaned upon the express understanding that
thereafter deceased would suggest to defendant some form of
security therefor which would be agreeable to him, and de-
fendant agreed to give such security as deceased should there-
after require.  Deceased died October 10, 1896, and nothing
was ever done in the matter of furnishing security.  The court
gave judgment, as asked in the cross-complaint, declaring
Beeler to be the owner of the land, subject only to a lien in
favor of plaintiffs for the amount remaining due on the
written contract, $270.10.

As before stated, this is an appeal only from the order
denying plaintiffs' motion for a new trial, no appeal from the
judgment having been taken.  The record is such that we are
limited to a consideration of the question of the sufficiency
of the evidence to support the findings of fact of the trial
court upon the matters already specially referred to,—viz.:
the alleged rescission of the written contract, the alleged mak-
ing of the new oral contract, and the question as to whether
the moneys paid by Beeler were paid on account both of
purchase price of land and loan for house, or on such purchase
price only.  Unless it can be held that the evidence is legally

CLII Cal.—27

insufficient to support one or more of the findings as to these matters, the order of the trial court must be affirmed. A careful consideration of the evidence shown by the record has satisfied us that it cannot be so held. The well-established rule, that where there is a substantial conflict of evidence upon any proposition this court will not interfere with the finding of the trial court thereon, is, of course, not disputed by counsel for plaintiffs. His claim is that there is no such conflict, but there plainly is such a conflict as to all the matters embraced within the particular findings under consideration. The evidence introduced by plaintiffs as to conversations between deceased and Beeler was, so far as it tended to show any attempted rescission or change in the written contract, or any attempted oral agreement relative to the subject-matter or terms thereof, opposed to the positive and unqualified testimony given by Beeler, as was also the evidence on behalf of plaintiffs tending to show admissions made by Beeler. There was nothing in the admitted facts of the case, or in the evidence given by Beeler when considered in connection with the admitted facts, that is necessarily inconsistent with the theory of defendant that the money for the construction of the house was loaned to Beeler by deceased, with no understanding between the parties other than it was a loan which was to be repaid, with interest, that by reason of having a house on the land Beeler would increase the amount of monthly payments on his contract, and that some written instrument, the terms of which were not discussed, should be at some future time prepared by deceased and executed by the parties, which would constitute an agreement furnishing adequate security to the deceased. Such a transaction could not, of course, be held to constitute a rescission or termination of the existing written contract for the sale of the land, or the making of the oral agreement alleged in the complaint. Upon the question as to the application of the payments made by Beeler, the evidence given by Beeler himself is legally sufficient to support a conclusion that he directed each payment, at the time of making it, to be applied on the amount due on the written contract. (Civ. Code, sec. 1479, subd. 1.) The specific findings attacked on the motion for a new trial must be held to be sufficiently supported by evidence.

The order denying the motion for a new trial is affirmed.

McFarland, J., Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.